IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



FILED
MAY 1 0 2017
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

JOSHUA D. BLAIR,

    Petitioner,

v.    Civil Action No. **3:16CV934**

VIRGINIA DOC,

    Respondent.

## MEMORANDUM OPINION

Joshua D. Blair, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1) challenging his convictions in the Circuit Court for the City of Norfolk, Virginia ("Circuit Court"). Respondent moves to dismiss on the ground that, *inter alia*, the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. (ECF No. 13.) Blair has filed a Response. (ECF No. 17.) For the reasons set forth below, the Motion to Dismiss (ECF No. 11) will be GRANTED.

## I. PERTINENT PROCEDURAL HISTORY

On November 14, 2012, a jury convicted Blair of one count of armed statutory burglary, three counts of robbery, three counts of abduction, six counts of use of a firearm in the commission of a felony, conspiracy to commit armed burglary, conspiracy to commit robbery, and wearing a mask in public. *Commonwealth v. Blair*, Nos. CR11003413–00 through CR11003413–15, at 2 (Va. Cir. Ct. Jan. 2, 2013). On March 18, 2013, the Circuit Court entered final judgment and sentenced Blair to 126 years of incarceration, with 83 years suspended. *Commonwealth v. Blair*, Nos. CR11003413–00 through CR11003413–15, at 2–3 (Va. Cir. Ct. Mar. 18, 2013). Blair appealed. On September 24, 2013, the Court of Appeals of Virginia

denied Blair's petition for appeal. (ECF No. 13-1, at 1-3.) On March 24, 2014, the Supreme Court of Virginia refused Blair's petition for appeal. (ECF No. 13-2, at 1.)

On March 20, 2015, Blair filed a petition for a writ of habeas corpus with the Supreme Court of Virginia. (ECF No. 13-3, at 17-59.) On September 24, 2015, the Supreme Court of Virginia granted Respondent's motion to dismiss and dismissed Blair's petition. (*Id.* at 1-3.)

Blair filed his § 2254 Petition on November 17, 2016.[1] (ECF No. 1-2, at 1.) In his § 2254 Petition, Blair asserts the following claims for relief:

Claim One     "Trial counsel, Thomas Reed, failed to subpoena the codefendant, Pierre Brandon, to account for jail notes that were written by him[,] which would have impeached prosecution's key witnesses Franklin Anderson and Derica Donofrio." (Mem. Supp. § 2254 Pet. 1, ECF No. 2.)[2]

Claim Two     "Trial counsel, Thomas Reed, failed to investigate and subpoena crucial alibi evidence of the cell tower information of Petitioner's phone. That was requested in the search warrant of the Petitioner's phone." (*Id.*)

Claim Three     "Prosecution's evidence was insufficient to have a conviction of elements to the crime. Based on the testimony of codefendants Franklin Anderson and Derica Donofrio. Which have many crucial inconsistencies within them and of each other. Also where physical evidence contradicts their testimony which should not if testimony is true. Which impeaches and discredits their testimony. As well as all prosecution's evidence to prove the Petitioner committed any element of the crime, which prosecution fails to prove." (*Id.* at 2.)

---

[1] Blair did not date his § 2254 Petition. Moreover, the return address on the envelope in which the § 2254 Petition was mailed indicates that an individual in Manassas, Virginia mailed Blair's § 2254 Petition from a UPS Store to the Court on Blair's behalf. (ECF No. 1-2, at 1.) The envelope indicates that this individual mailed the § 2254 Petition on November 17, 2016. Because Blair did not mail his § 2254 Petition himself, he is not entitled to application of the mailbox rule set forth in *Houston v. Lack*, 487 U.S. 266, 276 (1988). Nevertheless, because Blair's § 2254 Petition is clearly untimely, the Court uses November 17, 2016 as the filing date.

[2] The Court utilizes the pagination assigned to Blair's submissions by the CM/ECF docketing system. The Court corrects the capitalization in quotations from Blair's submissions.

2

## II. ANALYSIS

### A. Statute of Limitations

Respondent contends that the federal statute of limitations bars Blair's claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

> 1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> 2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### B. Commencement and Running of the Statute of Limitations

The Supreme Court of Virginia refused Blair's petition for appeal on March 24, 2014. Blair's judgment became final on Monday, June 23, 2014, when the time to file a petition for a writ of certiorari expired. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-

year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); Sup. Ct. R. 13(1) (requiring that a petition for certiorari should be filed within ninety days of entry of judgment by the state court of last resort or of the order denying discretionary review). The limitation period began to run on June 24, 2014, and 269 days of the limitation period elapsed before Blair filed his state petition for a writ of habeas corpus on March 20, 2015.

C.  Statutory Tolling

The limitation period remained tolled until September 24, 2015, while Blair's state petition for a writ of habeas corpus was pending before the Supreme Court of Virginia. The limitation period began to run again on September 25, 2015. At that time, Blair had only 96 days remaining of the federal limitation period. Therefore, Blair needed to file his § 2254 Petition by Wednesday, December 30, 2015 for it to be filed within the limitation period. Nevertheless, Blair failed to file his § 2254 Petition until November 17, 2016, almost eleven months after the limitation period expired. Thus, the statute of limitations bars Blair's § 2254 Petition.[3]

---

[3] Neither Blair nor the record suggests any plausible basis for belated commencement under 28 U.S.C. § 2244(d)(1)(B)–(D), or for equitable tolling. The Supreme Court has recognized actual innocence as a basis for overcoming the expiration of the statute of limitations. See *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013) (explaining that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations"). Respondent notes that Blair's challenge to the sufficiency of the evidence (Claim Three) could possibly be construed as a claim of actual innocence. (ECF No. 13, at 3 n.1.) To the extent that it could be construed as an argument that he is actually innocent, Blair has not met his burden of providing "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). In support of Claim Three, Blair has provided copies of jail "kites" from co-defendant P. Brandon to F. Anderson; a summary of statements made to the police by co-defendants D. Donofrio and P. Brandon; a search warrant affidavit dated May 27, 2011; a May 3, 2011 Department of Forensic Science Certificate of Analysis regarding testing of a black hair; and various text messaging records from April 28–29, 2011. (ECF No. 2-1, at 1–14.) "Some circuits require the petitioner to present 'newly discovered' evidence as opposed to evidence that is merely 'newly presented.'" *Lee v. Johnson*, No. 2:10cv122, 2010 WL 3937334, at *5 n.9

4

## III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 11) will be GRANTED. Blair's claims will be DISMISSED, and his § 2254 Petition will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.

An appropriate Final Order shall issue.

/s/ _____
Roderick C. Young
United States Magistrate Judge

Date: May 10, 2017
Richmond, Virginia

---

(E.D. Va. July 28, 2010); see *Royal v. Taylor*, 188 F.3d 239, 244 (4th Cir. 1999) (noting that to demonstrate actual innocence, a petitioner must produce new evidence that was not available at the time of trial). However, "[t]he distinction between 'newly discovered' and 'newly presented' evidence has heightened significance when little to no evidence was presented initially during the criminal proceedings because the defendant entered a guilty plea . . . ." *Williams v. Muse*, No. 3:09CV769, 2014 WL 2921932, at *6 n.5 (E.D. Va. June 27, 2014). Here, the exhibits submitted by Blair are neither newly discovered nor newly presented, as they existed at the time of Blair's trial in November 2012 and were available for presentation by the defense at that time. Thus, any purported actual innocence raised by Blair fails to allow the Court to reach the merits of his time-barred § 2254 Petition.